UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SHAWNEE BENARD** | **CIVIL ACTION NO. 5:13-cv-0444** |
| LA. DOC #525713 | |
| VS. | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **ROD DEMERY, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Shawnee Benard, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 28, 2013. Petitioner is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the Richland Parish Detention Center, Rayville, Louisiana. However, when he filed this complaint he was detained at the Caddo Corrections Center, Shreveport. He complains that he and his brother, who he identifies as Dave Benard, were the victims of a false arrest and imprisonment and that he was interrogated without having been advised of his Constitutional rights. He sued Shreveport Police Detective Rod Demery, Charles Scott, the District Attorney, and his unnamed Assistant District Attorney. He prays for compensatory damages for himself and his brother in the amount of $1000/day for every day they were unlawfully incarcerated and he seeks an unspecified amount of punitive damages for him and his family for emotional pain, suffering, and embarrassment and for their immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §1983 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from a defendant who is immune from suit.

*Background*

On August 17, 2011, plaintiff was arrested and charged with armed robbery "based on hearsay of an alleged co-defendant known as Barnell Johnson." On the following day, plaintiff and Johnson were charged with the murder of Roshenna Crowder. On some unspecified date, prior to December 22, 2011, plaintiff and Johnson were indicted for the homicide by the Caddo Parish Grand Jury. On two occasions, presumably before December 22, Detective Demery interrogated plaintiff about the murder charges "without reading me my rights." On December 22, 2011, the murder charges against plaintiff and Johnson were dismissed; however, plaintiff and his brother Dave Benard remained incarcerated with regard to the armed robbery charges. In conjunction with the dismissal of the charges, the District Attorney indicated that he would prosecute those who testified falsely before the Grand Jury for perjury.

According to the DOC Inmate Locator Service, plaintiff is incarcerated at the Richland Parish Detention Center and is in the custody of the Department of Corrections.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Standing

Plaintiff seeks not only to litigate his own false arrest and imprisonment claims, but also those of his brother Dave Benard. He seeks compensatory damages for himself and his brother and, in addition he seeks punitive damages on behalf of his "family" for emotional pain, suffering and embarrassment caused by his false arrest and imprisonment.

Article III of the Constitution restricts federal court jurisdiction to questions arising from a "case or controversy." In other words, to seek relief in federal court a plaintiff must show that he suffers from a threatened or actual injury caused by the allegedly illegal actions of the defendant. *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Smith v. Price*, 616 F.2d 1371 (5th Cir. 1980). Indeed, "... the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. at 499.

Plaintiff has alleged an actual injury to himself and he has been granted the right to assert and seek redress for that injury. However, plaintiff is not an attorney and he therefore lacks standing to assert any claims on behalf of his brother or "family." To the extent that plaintiff seeks to assert claims belonging to these third parties, his complaint fails to state a claim for which relief may be granted.

*3. Habeas Corpus*

In addition to compensatory and punitive damages, plaintiff prayed for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to a conviction in a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he claims that his pre-trial detention is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted.

*4. Prosecutorial Immunity*

Plaintiff claims that he is entitled to damages from Caddo Parish District Attorney Charles Scott and one or more of his assistants. Those claims are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the

initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against Scott and the unnamed Assistant District Attorneys is based on their conduct as the State's advocates and they are thus entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to falsely implicate plaintiff in a homicide and coached him how to testify was acting as an advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.)

Plaintiff's complaint, insofar as it seeks money damages from the District Attorney and his Assistant District Attorneys must therefore be dismissed since the defendants are absolutely immune.

*5. Limitations – First Degree Murder and Armed Robbery*

Plaintiff claims that he was falsely arrested for first degree murder on August 18, 2011, and that he was falsely imprisoned on that charge until December 22, 2011, when the murder charges were dismissed. He also claims that Detective Demery violated his Fifth Amendment rights on two occasions during this time when he questioned plaintiff about the homicide without having first advised him of his rights. Finally, the pleadings indicate that plaintiff was indicted by the Caddo Parish Grand Jury on the charge of first degree murder and it is logical to assume that the indictment occurred sometime between the date of arrest and the date the charges were

dismissed.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte. See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus accrued sometime between August 18, 2011 (when he was arrested)

and December 22, 2011 (when the charges were dismissed). *Compare Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.") Likewise, plaintiff's Fifth Amendment claim against Detective Demery accrued during the same time period.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year, or until December 22, 2012, at the latest, to file his civil rights complaint claiming false arrest/imprisonment and a violation of his Fifth Amendment rights. Plaintiff's complaint was filed on February 28, 2013, well beyond the expiration of the 1-year period of limitations and therefore the complaint should be dismissed as frivolous.

It is not altogether clear, but it appears that plaintiff also implies that his arrest and continued imprisonment on the armed robbery charge is unlawful. It is unclear whether plaintiff remains a detainee awaiting trial on the armed robbery charge, or whether he has been convicted of the charge and sentenced. If the charges remain pending, plaintiff's false arrest and imprisonment claims are, like the murder charge, subject to dismissal as time-barred. Plaintiff alleged that he was arrested on the armed robbery charge on August 17, 2011. It must be presumed, in the absence of allegations to the contrary, that plaintiff was either arrested on a

warrant signed by a magistrate, or, brought before a magistrate for a probable cause determination within 48 hours of his arrest as mandated by La. C.Cr.P. art. 230.2.  In either case, the one year statute of limitations for false arrest and imprisonment in violation of the Fourth Amendment began to run at the time plaintiff was detained pursuant to legal process, or sometime between August 17-19, 2011, and, since more than one year elapsed between that date and the date the complaint was filed, the claim is subject to dismissal as time-barred.

### 6. *Heck v. Humphrey*

Of course, if plaintiff was in fact convicted of the armed robbery charge, or any other charges that were lodged contemporaneously with those charges, his claim for money damages would also be barred.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at  487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the

plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff has not alleged whether or not he was convicted of the armed robbery charge or any other charges associated with his August 17, 2011, arrest and imprisonment. However, as noted above, he is now incarcerated in another prison and is in DOC custody according to that agency's inmate locator service. Nor does it appear that plaintiff's current conviction has been reversed, expunged, or declared invalid. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the state court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his conviction – if indeed he has been convicted – has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. See *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against all of the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against defendants who are immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service

of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 10, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE